SAUNDERS, Judge,
concurs in the result and assigns written reasons.
Un my view, nurse practitioners are not the same as registered nurses, and, thus, were not covered by the Medical Malpractice Act prior to its amendment in 2009 to specifically include them. It is clear that while a nurse practitioner can perform all the activities of a registered nurse, as in order to be a nurse practitioner one must first be a registered nurse, a registered nurse cannot perform the same activities as a nurse practitioner. Examples include diagnoses of some maladies and prescriptions of some medications.
Should one to look at the language of La.R.S. 40:1299.41, it is clear that who is covered by the act is listed specifically rather than casting a general umbrella. For example, prior to the 2009 amendment, La.R.S. 40:1299.41 listed certified registered nurse anesthetists and registered nurses separately. Like nurse practitioners, a certified nurse anesthetist must *895 also be a registered nurse for one year prior to application for this licensing.
In my view, there is no need to address whether the medical malpractice act is constitutional, as nurse practitioners were not covered by the act when this unfortunate incident transpired. The writing judge addresses the constitutionality of the MMA when addressing nurse practitioners, and reaches the same result of my view regarding the seminal issue of this case, whether the MMA applies.
Moreover, I note that the MMA could not have contemplated inclusion of nurse | ^practitioners in its language providing coverage to registered nurses when it was created in 1975. Nurse practitioners were not licensed in Louisiana until legislation was passed in 1995, effective January 1, 1996. As such, I concur in the result of the writing judge’s opinion per the written reasons as stated above.